UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BYRON GLEN MIDKIFF, JR.,

         Petitioner,

v.

SCOTT SPEER,

         Respondent.

CASE NO. 3:25-cv-05020-KKE-DWC

REPORT AND RECOMMENDATION

Noting Date: February 19, 2025

    The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Byron Glen Midkiff, Jr., proceeding *pro se*, filed a motion to proceed *in forma pauperis* ("IFP") (Dkt. 1), a proposed federal habeas petition (Dkt. 1-1), and other proposed motions and requests (Dkts. 1-4, 1-6, 1-7, 1-8, 4, 6, 7).

    Upon review, the Court finds Petitioner has failed to exhaust in state court before filing this action. As this is the second federal habeas action Petitioner has filed without demonstrating exhaustion of his state court remedies in less than six months, the undersigned recommends this action be dismissed without prejudice for failure to exhaust and Petitioner's IFP motion and other proposed motions and requests be denied as moot.

REPORT AND RECOMMENDATION - 1

I.      Background

Petitioner is currently incarcerated at Stafford Creek Corrections Center, where he is serving a sentence of confinement arising out of his conviction for two counts each of second degree rape of a child and second degree child molestation entered in *State of Washington v. Byron Glen Midkiff, Jr.*, Superior Court of Washington for Clallam County Case No. 19-1-00389-05 (judgment entered Feb, 27, 2020).

On July 10, 2024, Petitioner filed his first habeas action seeking federal habeas relief on this same state court conviction and sentence. *See Midkiff v. Bennett*, Case No. 3:24-cv-05550-LK (W.D. Wash.). Petitioner's sole ground for habeas relief in that action was whether a former provision of Washington state law violated Petitioner's rights under the Sixth Amendment to the United States Constitution. *Id.* at Dkt. 1-1 at 6. In August 2024, the Court ordered Petitioner to show cause why his action should not be dismissed for failure to exhaust state court remedies on his Sixth Amendment claim. *Id.* at Dkt. 4. Petitioner did not respond to the Court's show cause order, nor did he file timely objections to the recommendation his action be dismissed for failure to exhaust. *Id.* at Dkt. 6. On October 15, 2024, the Court adopted the report and recommendation and dismissed the action without prejudice for failure to exhaust. *Id.* at Dkt. 7.

On January 8, 2025, Petitioner filed the instant action challenging the same state-court conviction and sentence. *See* Dkt. 1-1 at 1. As his sole ground for relief, Plaintiff alleges he was denied assistance of counsel at a critical stage of his state-court prosecution in violation of the Sixth Amendment. Dkt. 1-1 at 6; Dkt. 1-2.

II.     Discussion

Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), the Court is required to perform a preliminary review of a habeas petition. The Rule directs the Court to dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears

REPORT AND RECOMMENDATION - 2

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to a state court judgment of conviction. *See* Dkt. 1-1. As such, the proposed petition is construed as one filed pursuant to 28 U.S.C. § 2254, and any argument to the contrary is unavailing.

To obtain federal habeas relief under § 2254, a petitioner must demonstrate that each of his claims has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)–(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the requisite "opportunity" to consider his federal claims, a petitioner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review, before seeking federal habeas relief. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

The proposed petition makes clear that Petitioner has not previously raised his Sixth Amendment claim in state court. Dkt. 1-1 at 2–3, 5 (answering "no" to inquires about prior state-court appeals and representing that "This Filing Constitutes an Appeal"). The Court thus finds the only ground for relief raised in the instant action is unexhausted and ineligible for federal habeas review at this time.

### III. Conclusion

For the reasons stated, Petitioner's sole ground for relief is unexhausted and ineligible for federal habeas review at this time. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the proposed petition and, instead, recommends this action be dismissed without prejudice for failure to exhaust. It is further recommended the IFP motion (Dkt. 1) and all other proposed motions and requests (Dkts. 1-4, 1-6, 1-7, 1-8, 4, 6, 7) be denied as moot, and a certificate of appealability be denied in this case.

Objections to this Report and Recommendation, if any, should be filed with the Clerk not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 19th, 2025**.

Dated this 4th day of February, 2025.

David W. Christel
United States Magistrate Judge